## LUMPKIN COUNTY *v.* WILLIAMS.

A judgment in favor of a county against one of its debtors for a specific sum of money may be enforced by execution, notwithstanding an agreement by counsel, which was incorporated in the judgment, stipulating that the judgment should in no wise be in the way of a certain claim for extra compensation which the defendant then had pending before the grand jury of the county. This stipulation could not be construed as entitling, or as intended to entitle, the defendant to any deduction or delay of payment by reason of said claim either before or after its allowance by the grand jury, since the statute (Code, §3697) requires the imposition of a tax to pay claims for extra compensation, and does not render them a charge upon the general funds of the county. *Judgment reversed.*
July 30, 1894.

Equitable petition. Before Judge WELLBORN. Lumpkin superior court. October term, 1893.

On the petition of Williams, the court granted an order restraining the sheriff from further proceeding to enforce an execution against Williams, until the next term of the superior court and until Williams had an opportunity to present his claim to the grand jury at that term. His petition alleged, that in the superior court a judgment had been rendered against him for about $360, upon a suit by the county against him as ordinary thereof, for alleged overcharges against the county; and as a part of the judgment it was agreed in writing between the attorneys for the county and petitioner, that the judgment was not to be in the way of his claim for extra compensation then pending before the grand jury. He has a valid, subsisting and *bona fide* claim which is a legal charge against the county for extra services, for more than enough to pay off the judgment. When he permitted the judgment to be entered, he believed the grand jury would pass on his claim, and allow him at least enough to balance the judgment agreed on; but before the judgment was signed, the grand jury refused to consider his claim, the foreman
v 94-42

arbitrarily refusing to give him or his counsel a hearing before the jury, who in their general presentments simply reported against his claim on the ground that it was barred. He cannot present his claim before another grand jury until the April term, 1894. It would be inequitable and unjust to require him to pay the judgment, when the county is indebted to him in a larger sum, and in view of the agreement that he should be heard before the grand jury.

PERRY & DEAN, M. L. SMITH, H. THOMPSON and G. K. LOOPER, for plaintiff in error.