## WHITE COUNTY *v.* BELL.

If in any event an ordinary can plead as a set-off to an action brought against him by the county a demand in his favor against the plaintiff for extra compensation arising under section 3697 of the code, he cannot file such plea until his claim for such compensation has been passed upon and allowed by the grand jury.

May 11, 1896. Argued at the last term.

Complaint.    Before Judge Kimsey.    White superior court.    April term, 1895.

On September 5, 1893, White county brought suit against W. H. Bell for $464.85 as the aggregate of numerous sums alleged to have been illegally drawn by him as ordinary from the county treasury from March 16, 1887, to May 17, 1892; such sums so drawn being for orders made by defendant upon the county treasurer for the payment of money, and not for judicial orders passed. Defendant pleaded the general issue; and the case was referred to an auditor. On the hearing before him, defendant offered to amend his plea by pleading a set-off of charges amounting to $467.96 from August 26, 1887, to October 10, 1892, for "public services rendered said county." The items of the account attached to the plea were, in brief, for auditing claims against the county, drawing and recording orders at 15 cents per hundred words; for "petition and granting citation for militia districts, $1.25, and for granting order, 50 cents, and for recording proceedings, 15 cents per hundred words"; for "registering 55 orders where there are no fees prescribed, and for which services the ordinary

thinks he ought to have 12 cents each, $6.60," and a similar charge for "auditing and passing 85 orders"; for several days services each year in looking after the public bridges, roads, etc., at $2 per day; for several days services in superintending the construction of bridges, at $3 per day; for "registering, auditing and passing upon 124 orders, book B from page 315 to page 335 inclusive, for which the like service the C. S. C. receives 75 cents for registering each order (see Code, 1882, page 949), $93.00, less 25 cents charged in the foregoing for general registration, $31.00," leaving $62.00; for "affidavits administered in auditing and allowing accounts for the year ——, at 30 cents each"; for each year a charge "for assessing taxes, publishing the same at the C. H. door, and registering the same upon the minutes of court, $1.00"; and for passing order allowing new militia district, and recording the same, $1.00. To this plea the plaintiff objected on the grounds, that it should have been filed before the case was submitted to the auditor; that it was a claim for extra compensation, and could be allowed in no way other than by submitting it to the grand jury at the spring term of the superior court, and having it passed upon and allowed by that body, and by the levy and collection of a tax for its payment; that there is no provision of law allowing the ordinary any compensation for the services specified; and that the whole of the claim is barred by the statute of limitations. The auditor sustained the demurrer, and on exception to his report, it was ordered that the case be sent back to him to hear evidence as to defendant's claim of set-off and report the same. To this ruling and to the refusal to render final decree in plaintiff's favor, the plaintiff excepted. It appears, from the testimony of the defendant given before the auditor, that he had been ordinary of the county since 1887 up to about January 10, 1895; and that he presented the bill of particulars referred to in his plea of set-off, to the grand jury at the spring term, 1894, of the superior court, but the claim was not allowed by them.

*H. H. Dean* and *J. W. H. Underwood*, for plaintiff.
*Boyd & Lilly*, for defendant.

LUMPKIN, Justice.

Section 3697 of the code prescribes the manner in which ordinaries, and other county officers, may obtain compensation for certain services for the payment of which no other provision is made by law. It requires these officers to submit their claims to the grand juries of their respective counties at the spring term of the superior court, and it is within the power of a grand jury to allow the whole of the sum claimed, or so much thereof as they may deem right and proper. When a claim is so allowed, the necessary amount to pay it must be raised by taxation, and when collected, paid over by the county treasurer to the party or parties entitled to the same. Until a given claim has been allowed by the grand jury, it cannot be treated as a demand against the county entitled to payment; and even after allowance, it does not become due until its payment is provided for by special taxation. It follows inevitably that where a county has brought an action against the ordinary, he cannot set-off against the same a demand for extra compensation, arising under the above cited section of the code, which has not even been passed upon by the grand jury. The ruling here made is directly supported by the decision of this court in the case of *Lumpkin County* v. *Williams*, 94 *Ga.* 657.        *Judgment reversed.*